# United States District Court
# Central District of California

| | |
|---|---|
| INTERPRET, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL CRUPNICK, an individual, and DOES 1-20, inclusive,<br><br>    Defendant. | Case No. 2:18-CV-03140-ODW(Ex)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE [9]** |

## I.  INTRODUCTION

Interpret, LLC ("Plaintiff"), a California limited liability company, filed this action against Russell Crupnick ("Defendant"), in Los Angeles Superior Court on March 12, 2018. (Compl., ECF No. 1-1.)  Defendant removed the case on March 13, 2018. (ECF No. 1.)  Before the Court is Defendant's Motion to Transfer Venue. (ECF No. 9.)  For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[1]

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On December 1, 2017, Defendant commenced a lawsuit against Plaintiff in the United States District Court for the Eastern District of New York ("First-Filed Action").

---

[1] After carefully considering the papers filed in connection with the instant Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

1

(Decl. of Brent J. Lehman, Ex. 2, ECF No. 9.) In that case, Defendant alleges that Plaintiff violated the Fair Labor Standards Act and New York Labor Law by misclassifying Defendant as an independent contractor. (*Id.*) On March 7, 2018, Plaintiff filed an answer in the First-Filed Action. (Mot. 2–3, ECF No. 9.)

Five days later, on March 12, 2018, Plaintiff filed the instant action against Defendant alleging the following claims: (1) intentional interference with contractual relations; (2) intentional interference with prospective economic relations; (3) negligent interference with prospective economic relations; (4) conversion; (5) unjust enrichment; (6) actual intent to defraud a creditor; (7) constructive fraudulent transfer; (8) violation of Bus. & Prof. Code §17200 – Count 1; (9) intentional misrepresentation; (10) negligent misrepresentation; and (11) violation of Bus. & Prof. Code §17200 – Count 2. (*See generally* Compl.)

On May 14, 2018, Defendant moved to transfer this action to the Eastern District of New York under the first-to-file rule, or under 28 U.S.C. § 1404(a).[2] (Mot., ECF No. 9.) Plaintiff opposed the Motion on May 25, 2018. (Opp'n, ECF No. 12.) That Motion is now before the Court for decision.

### III. LEGAL STANDARD

Under the first-to-file rule, or comity doctrine, a district court may decline to exercise jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district. *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This doctrine seeks to conserve limited judicial resources and avoid duplicate or inconsistent judgments on similar issues. *Id.* at 95.

In considering whether to apply this doctrine, the Court must consider: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). When analyzing a motion to transfer under the first-to-file rule, a

---

[2] Because the Court is granting Defendant's Motion under the first-to-file, the Court declines to address the merits of Defendant's § 1404(a) argument.

district court generally should not weigh the usual transfer factors under 28 U.S.C. 1404(a), as those are reserved for consideration by the Court with the first-filed action. *Pacesetter*, 678 F.2d at 96–97. If a later-filed action meets the first-to-file requirements, the second court may transfer, stay, or dismiss the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

## IV. DISCUSSION

Defendant asserts that this action satisfies all three factors required for the first-to-file rule to apply, and therefore should be transferred to the Eastern District of New York. The Court agrees.

### A. Chronology of the Actions

The first factor that must be satisfied is the chronology of the two actions. *Id.* at 625. Plaintiff contends that the first filed action was the arbitration claim it filed on November 10, 2017. (Opp'n at 9.) However, as Defendant correctly points out, the first-to-file rule applies only to complaints filed in federal court. (Reply 4, ECF No. 13. (citing *Alltrade, Inc.*, 678 F.2d at 623 and *Taylor v. AlliedBarton Sec. Servs. LP*, No. 1:13-CV-01613-AWI, 2014 WL 1329415, at *8 (E.D. Cal. Apr. 1, 2014).) Defendant filed his suit on December 1, 2017 in the Eastern District of New York. Plaintiff filed its suit on March 12, 2018. Therefore, Defendant's suit was the first-filed action.

### B. Similarity of Parties

The second factor that must be satisfied is the similarity of parties. *Alltrade, Inc.*, 946 F.2d at 625. The first-to-file rule only requires there be substantial similarity, thus the exact identity of the parties is not necessary. *Kohn Law Grp.*, 787 F.3d at 1240.

Though Plaintiff does not dispute this factor, it is met because the only difference between the named parties in both disputes is the inclusion of Plaintiff's principals, Andrew Wing, Michael Cai, and Grant Johnson, as defendants in the First-Filed Action. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("The rule is satisfied if some [of] the parties in one matter are also in

the other matter, regardless of whether there are additional unmatched parties in one or both matters.").

**C. Similarity of Issues**

The last factor that must be satisfied is similarity of issues. *Alltrade, Inc.*, 946 F.2d at 625. Plaintiff contends that this factor is not met because of a lack of similarity of the issues in the two cases. (Opp'n 10–12.) Plaintiff's case focuses on the alleged tortious actions of the Defendant in regard to a contractual agreement ("Agreement")[3]. (*See generally* Compl.) Defendant denies the allegations in the Complaint and raises multiple affirmative defenses in regard to the Agreement. (Answer, ECF No. 7.) The First-Filed Action focuses on the alleged violations under the Fair Labor Standards Act and New York Labor Law, specifically focusing on the misclassification of Defendant as an independent contractor on the Agreement. Defendant correctly points out that though the issues are not identical, the Court's determinations in both cases will overlap. (Reply 6 (citing *Le Brocq v. Lane*, 2017 U.S. Dist. LEXIS 52810, *8–9 (N.D. Tex. Apr. 6, 2017) ("While [plaintiff] argues the temporal separation of events indicates the overlap may be less than absolute, the determinations in both cases indicates overlap may be substantial.").) The foundation of Plaintiff's case and Defendant's case both arise out of the Agreement. In both cases, the Court will be called upon to determine the intent of the parties at the time they entered the Agreement, as well as the classification of the Defendant in relation to the Agreement, specifically, whether Defendant was an independent contractor or an employee. Managing these cases in the same district would be in the best interest of justice for efficiency purposes, as the discovery in both claims would substantially overlap. (Reply 6 (citing *Calderon v. Cargill, Inc.*, No. CV137046GHKJEMX, 2013 WL 12205633, at *2 (C.D. Cal. Dec. 10, 2013) ("Significant judicial resources will be conserved by having discovery

---

[3] Interpret entered into an Agreement with Music Watch, Inc., which is owned and operated by Defendant. (Compl. ¶1.)

managed in one district.").) Therefore, the First-Filed Action and this action have a substantial overlap in the claims asserted.

Furthermore, denying motion to transfer may lead to inconsistent results on these determinations. "The purpose of this well-established rule is to promote efficiency and to avoid duplicative litigation and thus it should not be lightly disregarded." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Alltrade, Inc.*, 946 F.2d at 625).

**D. Exceptions to the First-to-File Rule**

"The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, . . . anticipatory suit, and forum shopping." *Alltrade, Inc.*, 946 F.2d at 628 (citing *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir. 1942) and *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)).

Plaintiff contends that Defendant "acted in bad faith by preventing the efficient resolution of [Plaintiff's] overlapping claims against Music Watch, Inc. and [Defendant] in a single proceeding," when he did not participate in arbitration. (Opp'n 12.) Refusing to participate in an arbitration to which you did not consent is not bad faith.[4] Plaintiff also alleges that Defendant is engaging in forum shopping by denying Plaintiff's choice of forum. (*Id.*) Plaintiff provides no support for this claim, other than Defendant's alleged refusal to arbitrate, and the Court dismisses it as conclusory. (*Id.*)

Because all three factors have been satisfied, and there are no applicable exceptions, the Court finds it appropriate to apply the first-to-file rule and transfer this case to the Eastern District of New York.

---

[4] The Court notes that this is not a Motion to Compel Arbitration so it forms no opinion as to whether Defendant could have been compelled to participate in the arbitration. The Court finds Defendant's reason for refusing to participate in the arbitration as relevant in its bad-faith analysis.

5

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Transfer to United States District Court for the Eastern District of New York. (ECF No. 9.) The Clerk of the Court shall transfer and close the case.

**IT IS SO ORDERED.**

June 25, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**